FILED
2015 May-07  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYLE DAN MONTGOMERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No.:   2:14-cv-02474-CLS-SGC |
| | ) | |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENTS' ANSWER

Come now Respondents, in the above case, by and through the Attorney

General for the State of Alabama, and file their answer in response to this Court's

Order to Show Cause dated April 8, 2015.  In support of their answer, Respondents

present the following answer and exhibits.

## PROCEDURAL HISTORY

**A.     Trial and Direct Appeal**

Petitioner, Lyle Dan Montgomery (Montgomery) was convicted of second-

degree sodomy on August 8, 2008. (Exhibit B)  On December 17, 2008,

Montgomery was sentenced to 20 years imprisonment. (Exhibit B)  Montgomery's

conviction and sentence were affirmed on appeal in a memorandum decision by

the Alabama Court of Criminal Appeals on October 30, 2009. (Exhibit B)

Certificate of Judgment was issued by the Court of Criminal Appeals on November

18, 2009. (Exhibit B-1) Montgomery did not seek further review by the Supreme

Court of Alabama.

**B.     Rule 32 Petition**

Montgomery filed his Rule 32 petition in the Morgan County Circuit Court

challenging his conviction for second degree sodomy and resulting 20-year

sentence on November 18, 2010. (Exhibit A-R. 16) Montgomery alleged, within

his petition, the Constitution of the United States or the State of Alabama requires

he receive a new trial, a new sentence proceeding, or other relief because:

- conviction obtained by use of coerced confession;
- conviction obtained by use of evidence gained by an unconstitutional search and seizure;
- conviction obtained by use of evidence obtained pursuant to an unlawful arrest;
- conviction obtained by violation of the privilege against self-incrimination;
- conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence;
- conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled; and
- he was denied effective assistance of counsel.

(Exhibit A- R. 20) Montgomery also alleged the court was without jurisdiction to

render the judgment or to impose sentence. (Exhibit A- R. 20)

Montgomery filed a memorandum in support of his Rule 32 petition.

(Exhibit A- R. 25) Within his memorandum, Montgomery alleged ineffective

assistance of trial and appellate counsel. (Exhibit A- R. 27) Specifically, he alleged

his counsels were ineffective because:

- He [trial counsel] did not object to the use of perjured testimony;
- Appellate counsel was ineffective, because he did not bring his information and did not raise his issue on appeal.
- Counsel failed to object to bring to the court's attention a motion to dismiss on the indictment was based on perjured testimony.
- Counsel failed to bring forth the court's jurisdiction and on the motion to dismiss the indictment.

(Exhibit A- R. 27-28)

Montgomery also argued:
- His arrest warrant was based on only conclusion made by the affiant;
- He was denied counsel during his interrogation.
- The judge gave erroneous instructions on reasonable doubt.
- His conviction was improperly obtained by an illegal search and seizure, and he was acting under duress when he signed the waiver to allow the police to search his premises without a warrant.
- The arrest warrant was improper and based solely on the affiant's conclusions.

(Exhibit A- R. 28-46)

On March 1, 2011, the State filed a pleading entitled "State's Motion to Rule

Based Upon Pleadings State's Motion to Dismiss Petition." (Exhibit A- R. 181)

Within this motion to dismiss, the State averred Montgomery's trial counsel was

not ineffective for not challenging the request for an attorney during an

interrogation, because he never requested an attorney, which was supported by the

written statement to the police. (Exhibit A- R. 181)

The State further averred that Montgomery failed to show that any testimony

provided to the grand jury was false. (Exhibit A- R. 181-182) The State averred

that Montgomery's search and seizure issue and the issues of the arrest warrant

were meritless and not supported by the record. (Exhibit A- R. 182) The State

attached an exhibit in support of its answer, which was Montgomery's written

statement to the police. (Exhibit A- R. 183-193)  The State filed an affidavit of

Montgomery's trial attorney, Mr. Thomas M. Di Giulian addressing Montgomery's

ineffective assistance of counsel claims. (Exhibit A- R. 213-222)

On April 4, 2014, Circuit Judge Thompson entered a detailed order denying

and dismissing Montgomery's Rule 32 petition. (Exhibit A- R. 253-273) In his

order of denial, Judge Thompson addressed each of Montgomery's claims, as

understood by the court. Judge Thompson ruled that Montgomery's 14 ineffective

assistance of counsel claims were meritless and were not sufficiently pleaded.

(Exhibit A- R. 258-269) The trial court also ruled that Montgomery's other claims

should have been raised at trial or on appeal, and like his ineffective assistance of

counsel claims, the claims challenging the trial proceedings, were not sufficiently specific. (Exhibit A- R. 269-273) Montgomery did not file any post-trial motions challenging the denial of his Rule 32 petition. Montgomery gave notice of appeal on April 24, 2014. (Exhibit A- R. 274)

After an initial review of Montgomery's Rule 32 appeal, the Alabama Court of Criminal Appeals issued an order on July 10, 2014, to the Morgan County Circuit Court to supplement the record with Montgomery's Rule 32 Amendment and Montgomery's response to the State's answer. (Exhibit A-2)

In accordance with the above directive, the record was supplemented with the requested documents. (Exhibit A-1) After the return to remand, the Court of Criminal Appeals entered a memorandum decision dated September 19, 2014, affirming the trial court's denial of Montgomery' Rule 32 petition. (Exhibit A-3) Montgomery filed a petition for certiorari review in the Supreme Court of Alabama. On December 5, 2014, the Supreme Court of Alabama denied Montgomery writ without an opinion and issued a certificate of judgment. (Exhibit A-4)

## MONTGOMERY'S FEDERAL HABEAS CLAIMS

On December 29, 2014, Montgomery filed a federal writ of habeas corpus petition in this Court. Montgomery alleges the following issues, as understood by Respondents:

A.   Conviction obtained by prosecution's failure to disclose favorable evidence before trial.
1. State seized and withheld personal property;
2. State withheld police investigation.

B.   Ineffective Assistance of Trial Counsel, because counsel failed to:

1. Object to counsel not present during interrogation;
2. Object to Victim's testimony based upon perjury;
3. Object to out-of-court statements;
4. File a motion for mistrial based upon perjured Victim statement;
5. Object to bad acts evidence;
6. Object to testimony about photos that Montgomery did not receive with discovery;
7. File a motion to dismiss defective indictment;
8. Object to Victim's testimony, because attorney thought Victim lived with Montgomery;
9. Conduct proper investigation;
10. Object to State withholding evidence;
11. Allow Montgomery to testify in his own behalf; and
12. Counsel could not hear clearly and was unorganized.

C.   Illegal Search and Seizure.

D.   Trial court lacked jurisdiction based upon defective indictment.

(Montgomery's petition)

On April 8, 2015, this Court entered an order requiring Respondents to show cause why Montgomery's federal writ of habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

1.     Respondents admit Montgomery is being held in the state penitentiary pursuant to a lawful conviction for second-degree sodomy with a 20-year sentence. Montgomery's conviction and sentence were entered in the Circuit Court of Morgan County.

2.     Respondents deny that any of Montgomery's rights under the Constitution of the United States or under and federal statute or treaty have been abridged.

3.     Respondents deny each and every allegation contained in Montgomery's petition.

4.     Montgomery's federal habeas corpus petition is barred by the one-year statute of limitation.

## MEMORANDUM BRIEF IN
## SUPPORT OF ANSWER[1]

Montgomery's allegations are barred from consideration by this Court,

because his federal writ of habeas corpus petition was filed in violation of the one-

year statute of limitation expressed in the Anti-Terrorism and Effective Death

Penalty Act (AEDPA).  The one-year statute of limitation of the AEDPA is

codified in 28 U.S.C. §2244(d), and provides:

> (1)    A 1-year period of limitation shall apply to an application for
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of –
> (A)  the date on which the judgment became final by the conclusion of
> direct review or expiration of time for seeking such review;
>
> > (B)    the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed, if
> > the application was prevented from filing by such State
> > action;
> >
> > (C)    the date on which the constitutional right asserted
> > was initially recognized by the Supreme Court, if the
> > right has been newly recognized by the Supreme Court
> > and made retroactively applicable to cases on collateral
> > review; or

---

[1] Respondents will only address the one-year statute of limitation violation
presented by Montgomery's federal writ of habeas corpus petition.  Respondents
*do not waive* their procedural default claims and reserve the right to raise any
procedural default claims should this Court conclude Montgomery's federal habeas
corpus petition is not barred by the one-year statute of limitation.

(D)    the date on which the factual predicate of the claim
or claims presented could have been discovered through
the exercise of due diligence.

(2)    <u>The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection.</u> (Emphasis added)

Section 28 U.S.C. §2244(d)(1)(A), requires a federal habeas petitioner to file a

petition for writ of habeas corpus within at least one year after his state conviction

becomes final.

Here, Montgomery appealed his state conviction and sentence.  His

conviction and sentence were affirmed in a memorandum decision by the Alabama

Court of Criminal Appeals on October 30, 2009.  (Exhibit B)  Montgomery did not

seek further review by the Supreme Court of Alabama, and Certificate of Judgment

was issued on November 18, 2009, by the Court of Criminal Appeals. (Exhibit B-

1)  Because Montgomery did not seek review by the Alabama Supreme Court, the

highest state court in Alabama, he <u>cannot</u> take advantage of the 90-day tolling

provision provided in Rule 13.1, U.S. Sup. Ct. R. and 28 U.S.C. §1257(a).  Where

a petitioner does not seek review by the highest state court, his conviction becomes

final on the issuance of the Certificate of Judgment by the intermediate appellate

court, and he cannot take advantage of the 90-day provision.  See Pugh v. Smith, 465 F. 3d 1295, 1299-1300 (11th Cir. 2006).

Thus, Montgomery had until November 18, 2010, one-year from the date the Alabama Court of Criminal Appeals issued the certificate of judgment, to timely file his federal habeas petition.  Montgomery's federal habeas petition was filed on December 29, 2014, which was approximately four years and three weeks after the expiration of the one-year statute of limitation. Accordingly, Montgomery's federal writ of habeas corpus petition was untimely filed.  Montgomery's federal habeas petition, however, could be addressed by this Court, if he is able to take advantage of the tolling provisions.  Based upon the facts, however, Montgomery's federal habeas petition violates the one-year statute of limitation and should be denied.

Montgomery's conviction and sentence became final after the enactment of the AEDPA.  Therefore, "equitable application" is not applicable to Montgomery's case.  Under "equitable application" petitioners were allowed a one-year moratorium until April 24, 1997, to file their federal habeas petition, despite the finality date.  See Wilcox v. Florida Department of Corrections, 158 F. 3d 1209, 1211 (11th Cir. 1998).

Montgomery also cannot take advantage of the tolling provision in the AEDPA provision codified in 28 U.S.C. §2244(d)(2). The tolling provision tolls the one-year statute of limitation, if a state post-conviction petition is "properly filed" <u>within</u> the one-year period following a state direct appeal.

Here, Montgomery "properly filed" a Rule 32 petition in the Circuit Court of Morgan County on November 18, 2010, exactly one-year to the date, when his one-year statute of limitation was going to expire in accordance with Rule 32.2(c) of the Alabama Rules of Criminal Procedure. (Exhibit A) Montgomery's Rule 32 petition was denied on April 4, 2014. The denial of Montgomery's Rule 32 petition was affirmed on appeal on September 19, 2014. (Exhibit A-3) Certificate of Judgment was issued on December 5, 2014, by the Supreme Court of Alabama Appeals. (Exhibit A-4) Montgomery's Rule 32 petition tolled the one-year statute of limitation for four years and two weeks (Time period for pending Rule 32 decision).

At the filing of Montgomery's Rule 32 petition, 12 months had expired off of his one-year statute of limitation (November 18, 2009 - Criminal Appeals COJ – November 18, 2010, filing of Rule 32 petition). Therefore, when the denial of his Rule 32 petition became final, on December 5, 2014, Montgomery had zero (0)

11

days left to timely file his federal habeas corpus petition. When Montgomery filed

his federal habeas petition, 24 days had elapsed.

To have taken <u>full</u> advantage of the tolling provision, Montgomery should

have filed his federal habeas petition on the day the Supreme Court of Alabama

issued its certificate of judgment in his Rule 32 appeal on December 5, 2014.

Because Montgomery chose to wait until the very last day to file his Rule 32

petition, he had no time remaining to seek federal habeas review within the

required one-year time period established for both Rule 32 and federal habeas

petitions. Therefore, Montgomery's "properly filed" Rule 32 petition <u>had no effect</u>

on the tolling provision of the AEDPA.  Consequently, Montgomery failed to

timely file his federal writ of habeas corpus petition, and his failure prevents

review of his issues for federal habeas corpus review.

## CONCLUSION

Based upon the foregoing facts and authorities, Montgomery's federal writ of habeas corpus petition should be denied based upon a violation of the one-year statute of limitation provided in the AEDPA.

Respectfully submitted,

Luther Strange (STR003)
Attorney General
By:

/s/Yvonne A. H. Saxon
Yvonne A. H. Saxon (Sax003)
 Assistant Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
Telephone:    (334) 242-7300
Fax:              (334) 242-2848
E-Mail: docketroom@ago.state.al.us

## EXHIBITS

| | |
|---|---|
| Exhibit A | Transcript in CC-06-988.60 (Rule 32) |
| Pt-1 | Transcript in CC-06-988.60 (Rule 32) |
| Pt-2 | Transcript in CC-06-988.60 (Rule 32) |
| Pt-3 | Transcript in CC-06-988.60 (Rule 32) |
| Exhibit A-1 | Supplemental Transcript in CC-06-988.60 (Rule 32) |
| Exhibit A-2 | Remand Order in CR-13-1102 |
| Exhibit A-3 | Court of Criminal Appeals Decision in CR-13-1102 |
| Exhibit A-4 | Alabama Supreme Court Certificate of Judgment in CR-13-1102 |
| Exhibit B | Court of Criminal Appeals Decision in CR-05-2015 (Direct) |
| Exhibit B-1 | Certificate of Judgment in CR-05-2015 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2015, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, and I hereby

certify that I have mailed by United States Postal Service the document to the

following non-CM/ECF participants: Lyle Dan Montgomery, AIS #263476-H2-

10A, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017

> /s/ Yvonne A. H. Saxon
> YVONNE A. H. SAXON (ASB-7933-S79Y)
> *Assistant Attorney General*
> Attorney for Respondents
> Alabama Attorney General's Office
> 501 Washington Avenue
> Montgomery, AL  36130
> Telephone: 334-242-7300
> Fax:          334-242-2848
> E-mail:      docketroom@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
501 Washington Avenue
Montgomery, AL  36130
Phone:      (334) 242-7300
Fax:         (334) 242-2848
Email:      docketroom@ago.state.al.us

1957112/185312-001