UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LYLE DAN MONTGOMERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:14-cv-02474-CLS-SGC |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Respondents. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Lyle Dan Montgomery, a state prisoner proceeding *pro se*. Montgomery challenges his state sodomy conviction. For the reasons discussed below, Montgomery's § 2254 petition is due to be denied as time-barred and his motion seeking to amend his petition (Doc. 12) is due to be denied as futile. Entry of this report and recommendation renders Montgomery's motion seeking a ruling on his petition (Doc. 13) moot.

**I. Background**

A jury sitting in Morgan County, Alabama convicted Montgomery of second-degree sodomy on August 8, 2008, and the Circuit Court of Morgan County, Alabama sentenced Montgomery to twenty years' imprisonment. (Doc. 1-1 at 2, 7; Doc. 9 at 1). *See State v. Montgomery*, CC-2006-000988.00. The Alabama Court of Criminal Appeals affirmed Montgomery's conviction on October 30, 2009. (Doc. 1-1 at 3, 7; Doc. 9 at 1-2; Doc. 9-8). *See Montgomery v. State*, 64 So. 3d 1156 (Ala. Crim. App. 2009). Montgomery did not seek review in the Alabama Supreme Court. (Doc. 9 at 2). The Alabama Court of Criminal Appeals issued a certificate of judgment on November 18, 2009. (Doc. 9 at 2; Doc. 9-9).

1

On November 18, 2010, Montgomery filed a petition pursuant to Rule 32 of the *Alabama Rules of Criminal Procedure* in the trial court, seeking to collaterally attack his sodomy conviction. (Doc. 1-1 at 3, 7; Doc. 9 at 2; Doc. 9-1 at 19-59); *State v. Montgomery*, CC-2006-000988.60. The trial court denied the Rule 32 petition, and the Alabama Court of Criminal Appeals affirmed the denial. (Doc. 1-1 at 3-4, 8-9; Doc. 9 at 4-5; Doc. 9-3 at 36-56; Doc. 9-6). The Alabama Supreme Court denied review on December 5, 2014, and entered a certificate of judgment on that same date. (Doc. 9 at 5; Doc. 9-7).

Montgomery filed the instant petition in this district court on December 14, 2014. (Doc. 1-1 at 6).[1] In the petition, Montgomery challenges his state sodomy conviction on four grounds: (1) the prosecution withheld favorable evidence; (2) his trial counsel rendered constitutionally defective assistance in a variety of enumerated ways; (3) there was an illegal search and seizure of his property; and (4) the trial court lacked jurisdiction on account of a defective indictment. (Doc. 1-1 at 5, 7-31). After being ordered to show cause why the relief requested by Montgomery should not be granted (Doc. 6), the respondents answered the petition, exclusively arguing it is untimely (Doc. 9). Montgomery was notified this action is ripe for summary disposition based on the answer and record supplied by the respondents. (Doc. 10). He was further informed of his right to respond to the respondents' argument (*id.*), which he did (Doc. 11). In his response, Montgomery argues he is entitled to equitable tolling of the limitations period applicable to the instant petition. The respondents filed a supplemental answer, asserting Montgomery's equitable tolling argument is without merit (Doc. 15), and Montgomery

---

[1] The Clerk docketed the petition as filed on December 29, 2014. However, "[a] *pro se* petitioner's collateral action is deemed filed in federal court on the date it is delivered to prison authorities for mailing, and absent state-presented evidence to the contrary, we will presume that the petition was delivered on the date the petition was signed." *McCloud v. Hooks*, 560 F.3d at 1223, 1227 (11th Cir. 2009). Montgomery executed his § 2254 petition on December 14, 2014. (Doc. 1-1 at 6). The respondents have presented no evidence Montgomery delivered his petition to prison authorities for mailing on a date other than the date he executed the petition. Accordingly, the petition is deemed filed on December 14, 2014.

responded (Doc. 16).  Montgomery has also filed a motion seeking to amend his § 2254 petition by adding a new substantive ground for relief, ineffective assistance of appellate counsel (Doc. 12), and a motion seeking a ruling on his § 2254 petition (Doc. 13).

## II. Discussion

### A. Commencement of Limitations Period

A federal district court may entertain an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* § 2254(a).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations applicable to a § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period runs from the later of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A).  Montgomery does not allege any facts that would suggest § 2244(d)(1)(B), (C), or (D) triggered the statute of limitations applicable to his § 2254 petition.  Rather, § 2244(d)(1)(A) triggered that statute of limitations.  That is, the limitations period began to run

3

from the date Montgomery's conviction became final by the conclusion of direct review or the expiration of time for seeking that review. *See* § 2244(d)(1)(A).

Where, as here, a state prisoner appeals his conviction to the Alabama Court of Criminal Appeals but does not seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) on the date the time for seeking that review expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 646, 652-56 (U.S. 2012). The Alabama Court of Criminal Appeals affirmed Montgomery's conviction on October 30, 2009. Montgomery did not file a petition for a writ of certiorari in the Alabama Supreme Court. He did not file an application for rehearing in the Alabama Court of Criminal Appeals, either. An application for rehearing filed in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. ALA. R. APP. P. 39(c)(1); 40(d)(1). Accordingly, the time for Montgomery to seek direct review of his conviction expired, and his conviction became final for purposes of § 2244(d)(1)(A), on the date his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *See Charley v. Estes*, 2015 WL 2354258, at *8 (N.D. Ala. May 14, 2015) (petitioner's conviction became final when time for filing application for rehearing in Alabama Court of Criminal Appeals expired). That date was fourteen (14) days after the Alabama Court of Criminal Appeals issued its decision affirming Montgomery's conviction, or November 13, 2009. *See* ALA. R. APP. P. 40(c).

November 14, 2009 was the first day of the limitations period applicable to the instant petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding day after event marking finality was first day of AEDPA's one-year limitation period because Rule 6(a)(1) of the *Federal Rules of Civil Procedure* requires the day of the event that triggers a time period to be excluded from its computation). November 14, 2010 was the final day of the limitations

period. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting "limitations period expires on the anniversary of the date it began to run"). Because that day was a Sunday, Montgomery would have had until Monday, November 15, 2010, to seek federal habeas relief, *see* FED. R. CIV. P. 6(a)(1)(C) (if last day of time period is a Saturday, Sunday, or legal holiday, period continues to run until end of next day that is not a Saturday, Sunday, or legal holiday), absent statutory or equitable tolling, *see Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (once statute of limitations is triggered and begins to run, it can be tolled statutorily or equitably).

### B. Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period during the pendency of "a properly filed application for [s]tate post-conviction or other collateral review" of the underlying judgment. § 2244(d)(2); *see also McCloud*, 560 F.3d at 1227. An application for state collateral review filed after expiration of the federal habeas limitations period does not reset, restart, or revive that period. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). The Rule 32 petition Montgomery filed on November 18, 2010[2] may have been timely for purposes of state collateral review. *See* ALA. R. CRIM. P. 32.2(c) (Rule 32 petition must be filed within one year after issuance of certificate of judgment by Court of Criminal Appeals). However, it did not toll his limitations period for seeking federal habeas review because that period expired on November 15, 2010, before Montgomery filed the Rule 32 petition. *See Moore*, 321 F.3d at 3181; *Tinker*, 255 F.3d at 1333.

---

[2] In their supplemental answer addressing Montgomery's equitable tolling argument, the respondents argue Montgomery filed his Rule 32 petition on November 29, 2010, not November 18, 2010. (Doc. 15 at 2). They allege that while Montgomery signed his Rule 32 petition on November 18, 2010, the state court clerk docketed the petition as filed on November 29, 2010. (*Id.*). As Montgomery notes, the state trial court explicitly determined his Rule 32 petition was timely filed on November 18, 2010. (Doc. 9-3 at 37). In any event, whether Montgomery's Rule 32 petition is deemed to have been filed on November 18, 2010, or November 29, 2010, is immaterial to disposition of the instant petition. Either way, it did not toll the limitations period.

### C. Equitable Tolling

Equitable tolling is "an extraordinary remedy which is [ ] applied sparingly" and "is limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Specifically, a petitioner must "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); s*ee also Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted). A petitioner must also "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

In support of equitable tolling, Montgomery offers the following allegations: In or about August 2009, his trial counsel notified him Mary Lamar had been appointed to represent him on direct appeal from his conviction. (Doc. 11 at 5). He immediately attempted to contact Lamar by U.S. Mail and repeated these attempts over the next several months. (*Id.*). When he failed to receive any response from Lamar, he mailed her a letter authorizing her to speak with his brother. (*Id.*). Both Montgomery and his brother continued to seek a response from Lamar regarding the status of Montgomery's direct appeal to no avail. (*Id.*).

On July 6, 2010, Montgomery's brother contacted the trial court and discovered Montgomery's conviction had been affirmed by the Alabama Court of Criminal Appeals in November 2009. (Doc. 11 at 2, 5). At that time, Montgomery attempted to retrieve his trial

transcripts and filings from Lamar to further challenge his conviction, proceeding *pro se*, although his time to seek review in the Alabama Supreme Court on direct appeal had expired. (*Id.*). Montgomery claims these documents were necessary for him to prepare a petition seeking post-conviction relief. (Doc. 11 at 2). When he failed to receive any response from Lamar, he filed a complaint against her with the Alabama State Bar. (*Id.* at 2, 5). Lamar responded to the complaint and mailed Montgomery's trial transcripts and filings to him. (*Id.* at 5).[3] A receipt submitted by Montgomery indicates Lamar copied and mailed these documents to Montgomery on September 16, 2010. (*Id.* at 15). By the time Montgomery received the documents, most of his time to file a petition seeking state post-conviction relief had passed, which he claims was through no fault of his own. (*Id.* at 2).

Montgomery further claims his attempt to seek state post-conviction relief was impeded by the limited access to legal resources and assistance at his place of incarceration. (*Id.* at 2, 6). He was able to meet the deadline for filing a Rule 32 petition only by enlisting the aid of a "jailhouse lawyer" and then had to supplement his petition. (*Id.*). The State missed deadlines imposed by the trial court and the *Alabama Rules of Criminal Procedure* and received years' worth of extensions to respond to his supplement. (*Id.* at 2; Doc. 16 at 2). Montgomery points out that he filed his § 2254 petition nine days after the Alabama Supreme Court issued a certificate of judgment. (Doc. 11 at 3). Montgomery argues his appellate counsel's disregard for the federal habeas statute of limitations, coupled with his own due diligence, entitles him to equitable tolling. (*Id.* at 1-3). He also notes he maintains his innocence of the crime of which he was convicted. (*Id.* at 3).

---

[3] Attached to one of Montgomery's submissions is a letter from the Alabama State Bar dated September 21, 2010, stating it would take no further action in view of the nature and content of Montgomery's complaint and Lamar's response to the complaint. (*Id.* at 9-14).

An affidavit executed by Montgomery's brother on August 10, 2010, corroborates Montgomery's allegations regarding his and his brother's attempts to contact Lamar, as well as the contact his brother made with the trial court on July 6, 2010. (Doc. 11 at 8). In the affidavit, Montgomery's brother further states Montgomery asked for his help after he became concerned he was not receiving any information regarding his appeal. (*Id.*). Finally, he states that after he contacted the trial court on July 6, 2010, the trial judge's secretary contacted Lamar's office, and Lamar was supposed to send Montgomery all of his documents, a copy of his appeal, and a copy of the denial of that appeal. (*Id.*).

In their supplemental answer addressing Montgomery's equitable tolling argument, the respondents argue that while the facts support a finding Montgomery diligently pursued his rights,[4] he cannot establish a causal connection between Lamar's conduct and the untimely filing of the instant petition. (Doc. 15 at 3-4). In response, Montgomery repeats his prior allegations in support of equitable tolling and further alleges the prison system has time-consuming requirements for withdrawing inmate account funds to pay filing fees, obtaining approval for copying services and access to a notary, and other necessities for court filings. (Doc. 16 at 3).

An attorney's conduct may constitute an extraordinary circumstance for purposes of equitable tolling if it amounts to an abandonment of the attorney-client relationship, such that the attorney's errors are not attributable to his client. *Cadet v. Florida Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014); *Thomas v. Attorney Gen., Florida*, 795 F.3d 1286, 1293-94 (11th Cir. 2015).[5] The undersigned need not address whether Lamar effectively abandoned Montgomery

---

[4] For the reasons discussed below, the undersigned disagrees.

[5] In *Thomas*, the Eleventh Circuit noted an attorney's bad faith, dishonesty, divided loyalty, and mental impairment may also form the basis of an equitable tolling argument but declined to decide whether these factors constitute abandonment or, instead, constitute independent reasons for the application of equitable tolling. 795 F.3d at 1294. Montgomery does not allege facts that would suggest Lamar acted in bad faith, was dishonest, possessed a divided loyalty, or had a mental impairment.

because, even assuming she did, Montgomery's failure to pursue his rights diligently is fatal to his equitable tolling argument.  When Montgomery learned in July 2010 that the Alabama Court of Criminal Appeals had affirmed his conviction on direct appeal and issued a certificate of judgment the prior November, he knew, or at the very least could have determined, approximately four months remained on the limitations period applicable to a § 2254 petition challenging his conviction and sentence.  Given he did not to seek review in the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed his conviction on direct appeal, it may have been advisable for him to seek post-conviction relief in the state courts—which he did—before seeking federal habeas review to avoid the procedural default of his claims.  However, he could have filed his Rule 32 petition in time to statutorily toll the limitations period applicable to the instant petition and afford himself an opportunity after the Alabama Supreme Court denied review to seek review in this court.  He did not, and the excuses he offers for the delay in filing his Rule 32 petition are not meritorious:

    Montgomery claims he could not file a Rule 32 petition before he obtained trial transcripts and filings from Lamar.  However, Lamar mailed those documents to Montgomery in mid-September 2010.  (Doc. 11 at 15).  Montgomery did not file his Rule 32 petition until two months later.  Montgomery further claims, without elaboration, that his limited access to legal resources and assistance at his place of incarceration delayed the filing of his Rule 32 petition and generally alleges the conditions of incarceration hinder the preparation and submission of court filings.  These conclusory allegations are insufficient to demonstrate diligence or warrant equitable tolling.  *See Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007) (holding petitioner was not entitled to equitable tolling where he failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely § 2254 petition); *Hancock v. Estes*,

2014 WL 3898085, at *7-9 (S.D. Ala. Aug. 11, 2014) (holding petitioner was not entitled to equitable tolling where he failed to allege how his inability to access law library for six weeks prevented him from timely filing a § 2254 petition). Furthermore, the absence of legal counsel in collateral proceedings is not an extraordinary circumstance entitling a petitioner to equitable tolling. *DeLeon v. Florida Dep't. of Corr.*, 470 Fed. App'x 732, 734 (11th Cir. 2012); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (no constitutional right to attorney in state post-conviction proceedings). Nor do a petitioner's *pro se* status, limited legal education, or procedural ignorance entitle him to equitable tolling. *DeLeon*, 470 Fed. App'x at 734 (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Outler v. United States*, 458 F.3d 1273, 1283 n.4 (11th Cir. 2007) ("*[P]ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.")); *Rich v. Dep't of Corr. State of Florida*, 317 Fed. App'x 881, 883 (11th Cir. 2008).

In sum, even if Lamar effectively abandoned Montgomery during the pendency of his direct appeal, Montgomery, by failing to seek state post-conviction relief sooner, did not pursue his rights diligently. Otherwise put, Lamar's conduct did not cause the late filing of Montgomery's § 2254 petition in this court. *See Gillman v. Sec'y, Florida Dep't of Corr.*, 576 Fed. App'x 940, 943-44 (11th Cir. 2014) (holding petitioner could not demonstrate causal connection between state post-conviction counsel's conduct and late filing of § 2254 petition where four or five months of federal limitations period remained after attorney no longer represented petitioner and petitioner still had 68 days to file § 2254 petition after conclusion of state post-conviction proceedings); *Stewart v. Sec'y, Florida Dep't of Corr.*, 355 Fed. App'x 275, 281 (11th Cir. 2009) (holding attorney's alleged misrepresentation she had filed state habeas petition did not entitle petitioner to equitable tolling because petitioner ultimately filed timely

state habeas petition himself and still had 91 days to file federal habeas petition after state court ruled on state habeas petition); *Hancock v. Estes*, 2014 WL 3898085, at *10 (S.D. Ala. Aug. 11, 2014) (holding petitioner could not establish causal connection between state post-convictions attorney's conduct and late filing of § 2254 petition because while attorney's representations may have caused a substantial amount of petitioner's AEDPA clock to run, petitioner had several months left on AEDPA clock to act on his own to ensure timely filing of federal habeas petition).

Finally, although a showing of actual innocence may overcome the time-bar of a § 2254 petition, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), Montgomery's conclusory assertion of his innocence is an insufficient "gateway plea," *see id.* at 1928 (noting tenable actual-innocence gateway pleas are rare and require petitioner to persuade district court that in light of new evidence, no reasonable juror would have convicted petitioner).

### III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** Montgomery's § 2254 petition be **DENIED** as time-barred.  The undersigned further **RECOMMENDS** Montgomery's motion to amend his untimely petition to add a new substantive ground for relief be **DENIED** as futile and Montgomery's motion seeking a ruling on his petition be **DENIED** as moot.

Finally, in accordance with Rule 11 of the *Rules Governing 2254 Proceedings,* the undersigned **RECOMMENDS** a certificate of appealability be **DENIED**.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003) (internal quotation omitted). Based on the foregoing discussion, the undersigned is of the opinion Montgomery has failed to make the requisite showing.

## IV. Notice of Right to Object

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

**DONE** this 25th day of February, 2016.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE