UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LYLE DAN MONTGOMERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:14-CV-02474-CLS-SGC |
| ) | |
| STATE OF ALABAMA and ) | |
| KARLA JONES, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the court on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Lyle Dan Montgomery, a state prisoner proceeding *pro se*. (Doc. 1). The magistrate judge entered a report and recommendation on February 25, 2016, recommending that Montgomery's § 2254 petition be denied as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). (Doc. 17). The magistrate judge further recommended that Montgomery's motion seeking to amend his petition be denied as futile, and his motion seeking a ruling on his petition be denied as moot. (*Id.*). Finally, in accordance with Rule 11 of the *Rules Governing Section 2254 Cases*, the magistrate judge recommended that no certificate of appealability be issued. (*Id.*).

Montgomery has filed objections to the magistrate judge's report and

recommendation. (Doc. 18). He primarily argues that the magistrate judge incorrectly concluded that the limitations period applicable to his petition began to run on the date his conviction became final through the conclusion of direct review or expiration of time to seek that review, pursuant to § 2244(d)(1)(A), rather than on the date he discovered the factual predicate of his claims through the exercise of due diligence, pursuant to § 2244(d)(1)(D). (*Id.*). He claims that he did not discover the facts underlying his claims until July 6, 2010, when his brother contacted the trial court and discovered that the Alabama Court of Criminal Appeals had affirmed his conviction in November of 2009. (*Id.*). He claims that he could not have discovered the factual predicate of his claims before that date, because his appellate counsel failed to respond to his repeated attempts to communicate with her. (*Id.*).

In his original petition, Montgomery challenges his state sodomy conviction on four grounds: the prosecution withheld favorable evidence; his trial counsel rendered constitutionally defective assistance in a variety of ways; there was an illegal search and seizure of his property; and the trial court lacked jurisdiction on account of a defective indictment. (Doc. 1-1 at 5, 7-31). In his motion to amend, Montgomery seeks to add claims that his appellate counsel rendered constitutionally defective assistance by failing to raise any valid claims on appeal, including that the prosecution withheld favorable evidence, and that his trial counsel rendered

constitutionally defective assistance. (Doc. 12). There is no basis for a finding that Montgomery could not have discovered the factual predicate of the four claims raised in his original petition before July 6, 2010, through the exercise of due diligence. Even so, Montgomery's argument that the limitations period should commence on July 6, 2010, pursuant to § 2244(d)(1)(D), may be meritorious as to his ineffective-assistance-of-appellate-counsel claims, at least some of which Montgomery appears to have raised in his Rule 32 proceedings.

    For the foregoing reasons, and after careful consideration of the record in this case and the magistrate judge's report, the court **REJECTS** the magistrate judge's recommendation that Montgomery's § 2254 petition be denied as time-barred and his motion to amend be denied as futile. The court **GRANTS** Montgomery's motion to amend (Doc. 12), to the extent that the magistrate judge will consider whether the claims he seeks to add through the motion are timely, and, if they are timely and not otherwise barred, whether they are meritorious. Finally, the court **DENIES** Montgomery's motion seeking a ruling on his petition. (Doc. 13). The court refers this action to the magistrate judge for further proceedings consistent with this Memorandum Opinion and Order. The magistrate judge will enter another report and recommendation addressing the issues presented by this action in due course.

**DONE** and **ORDERED** this 30th day of March, 2016,

_____
United States District Judge